IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| ESSA-AISHA A. PURNELL | ) | CHAPTER 13 |
| ABDOU R. GUEYE | ) | |
| **Debtor(s)** | ) | CASE NO. 19-12644 (MDC) |
| | ) | |
| AMERICAN HONDA FINANCE | ) | |
| CORPORATION | ) | HEARING DATE: **9-1-20 at 10:30 AM** |
| **Moving Party** | ) | |
| v. | ) | |
| | ) | |
| ESSA-AISHA A. PURNELL | ) | 11 U.S.C. 362 |
| ABDOU R. GUEYE | ) | |
| **Debtor(s)** | ) | |
| | ) | |
| WILLIAM C. MILLER | ) | |
| **Trustee** | ) | |
| | ) | |
| | ) | |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Comes now American Honda Finance Corporation ("Honda") filing this its Motion For Relief From The Automatic Stay ("Motion"), and in support thereof, would respectfully show:

1. On April 25, 2019, Essa-Aisha A. Purnell and Abdou Gueye filed a voluntary petition under Chapter 13 of the Bankruptcy Code.

2. This Court has jurisdiction of the Motion by virtue of 11 U.S.C. 105, 361 and 362 and 28 U.S.C. 157 and 1334.

3. On August 30, 2014, the Debtor(s) executed a retail installment sales contract for the purchase of a 2011 Honda CR-V bearing vehicle identification number 5J6RE4H42BL089430. The contract was assigned to American Honda and the Debtors became indebted to Honda in accordance with the terms of same. American Honda Finance Corporation is designated as first lien holder on the title to the vehicle and holds a first purchase money security interest in the

vehicle. True copies of the contract and the title inquiry to the vehicle are annexed hereto as exhibits A and B.

4. The Debtors' account with Honda has a current net balance of $1,689.91.

5. The vehicle has a current retail value of $9,775.00 per the NADA Official Used Car Guide, August 2020 edition.

6. The Debtors account is past due post-petition from June 14, 2020 through July 14, 2020 with arrears in the amount of $687.10.

7. American Honda Finance Corporation alleges that the automatic stay should be lifted for cause under 11 U.S.C. 362(d)(1) in that Honda lacks adequate protection of its interest in the vehicle as evidenced by the following:

    (a) The Debtors are failing to make payments to Honda in accordance with the loan agreement and are failing to provide Honda with adequate protection.

WHEREFORE PREMISES CONSIDERED, American Honda Finance Corporation respectfully requests that upon final hearing of this Motion, (1) the automatic stay will be terminated as to Honda to permit Honda to seek its statutory and other available remedies; (2) that the stay terminate upon entry of this Order pursuant to the authority granted by Fed.R.Bank.P., Rule 4001(a)(3) and (3) Honda be granted such other and further relief as is just.

Respectfully submitted,

/s/ William E. Craig
William E. Craig
Morton & Craig LLC
110 Marter Avenue, Suite 301
Moorestown, NJ 08057
Phone: 856/866-0100, Fax: 856/722-1554
Local Counsel for American Honda Finance Corporation